UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-00153-LJO-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) His complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty.</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California Men's Colony, West, but complains of acts that occurred during his detention at the Kern County Jail while awaiting court proceedings. He names the County of Kern, the Kern County Sheriff's Department, and Detention Officer Schlup as Defendants.

Plaintiff's allegations may be summarized essentially as follows.

On March 13, 2015, Plaintiff was transferred from Wasco State Prison to the Kern County Jail to await a court hearing. He was booked into the jail by Defendant Schlup. Schlup took possession of Plaintiff's property and stored it in the property room. On March 31, 2015, Plaintiff sought to retrieve his legal materials from his property, and found that a substantial amount of his property could not be found. Plaintiff states that he is missing legal paperwork, his original literary manuscripts, and other personal articles.

Plaintiff alleges that Defendant Schlup was negligent in his handling of Plaintiff's property. Plaintiff also alleges violations of the Due Process and Equal Protection clauses. He seeks money damages.

## IV.   ANALYSIS

### A.   Due Process

The Fourteenth Amendment protects individuals from the deprivation of property without due process of law. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state or municipal employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 532-33 & n.13 (1984) (citation omitted).

Here, Plaintiff alleges that Defedant Schlup was negligent in the handling of his property. Such conduct does not constitute a due process violation unless Plaintiff is afforded no meaningful post-deprivation remedy for the loss. Plaintiff could, and did, file a grievance with jail officials. California law also provides a post-deprivation remedy for Plaintiff's property deprivation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Accordingly, Plaintiff's allegations fail to state a Due Process claim. He will be given leave to amend. If he chooses to do so, he must set forth factual allegations sufficient to meet the legal standard set forth above.

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not set forth any allegations indicating that he and other similarly situated individuals were treated differently, whether by virtue of Plaintiff's membership in a protected class or otherwise. He has failed to state an Equal Protection claim. He will be given leave to amend.

### C. State Law Negligence

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

If Plaintiff chooses to amend, he is advised that the elements of negligence under California law are: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 70 Cal. Rptr. 3d 519 (2008)).

Additionally, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victims Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

## V.   CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed February 3, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 19, 2016        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE