UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | **CASE No. 1:16-cv-00153-LJO-MJS (PC)**<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 11)**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) He has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, and he was given leave to amend. (ECF No. 7.) His first amended complaint is before the Court for screening.

///

///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.  PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California Men's Colony, West, but complains of acts that occurred during his detention at the Kern County Jail while awaiting court proceedings. He names the following defendants in their individual and official capacities: the County of Kern, the Kern County Sheriff's Department, Detention Officer Schlup, and Officer Hernandez.

Plaintiff's allegations may be summarized essentially as follows.

On March 13, 2015, Plaintiff was transferred from Wasco State Prison to the Kern County Jail to await a court hearing. Defendant Schlup was the transporting officer. Schlup ordered Plaintiff to hand over his personal effects and property for storage in the property room. Schlup did not exercise proper procedural safeguards and did not follow policies or regulations. He did not fill out necessary paperwork. Defendant Hernandez was the receiving officer for Plaintiff's intake and processing.

Plaintiff has not since seen much of his property. Plaintiff states that he is missing legal paperwork, his original literary manuscripts, and other personal articles.

Plaintiff later learned from other inmates that Officer Schlup "is prejudice[d] toward Mexicans" and makes racist remarks. Accordingly, Plaintiff believes Schlup acted intentionally to deprive Plaintiff of his property. Plaintiff also alleges that Defendant Schlup was negligent in his handling of Plaintiff's property.

Plaintiff alleges this conduct violated his rights under the Fourth, Fifth, and Fourteenth Amendments.

He seeks money damages and/or the return of his property, as well as declaratory relief.

///

///

## IV. ANALYSIS

### A. Due Process

The Fourteenth Amendment protects individuals from the deprivation of property without due process of law. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state or municipal employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 532-33 & n.13 (1984) (citation omitted).

Here, Plaintiff alleges that Defedant Schlup was negligent in the handling of his property. Alternatively, Plaintiff alleges that Defendant Schlup intentionally violated policies, procedures, and regulations to deprive Plaintiff of his property. Such conduct does not constitute a due process violation unless Plaintiff is afforded no meaningful post-deprivation remedy for the loss. Plaintiff could, and did, file a grievance with jail officials. California law also provides a post-deprivation remedy for Plaintiff's property deprivation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Accordingly, Plaintiff's allegations fail to state a Due Process claim. He previously was advised on this standard but nonetheless failed to cure deficiencies identified in the Court's screening order. Further leave to amend would be futile and will be denied.

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state

purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegation that Defendant Schlup seized his personal property as an act of intentional racial discrimination is based entirely on speculation. Plaintiff's belief that Defendant made racially charged remarks to other inmates is insufficient to nudge his equal protection claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 547.

Plaintiff previously was advised of the standard for pleading an Equal Protection claim. His allegations nonetheless fail to state a claim. Further leave to amend would be futile and will be denied.

.C.     **Fourth Amendment**

Plaintiff's Fourth Amendment claim fails as a matter of law because Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson v. Palmer, 468 U.S. 517, 536 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989). "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his property." Taylor, 871 F.2d at 806. A prisoner's redress for the seizure of his personal property, if any, is through the fourteenth amendment. Id.

Because Plaintiff cannot state a Fourth Amendment claim for the seizure of his personal property, leave to amend this claim would be futile and will be denied.

D.     **Fifth Amendment Takings Claim**

The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted).

Plaintiff's personal property was not confiscated by Defendants for a public purpose and his takings claim therefore fails as a matter of law. See Kelo v. City of New London, Connecticut, 545 U.S. 469, 477-80 (2005).

Leave to amend this claim would be futile and will be denied.

### E.   State Law Negligence

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

### F.   Municipal Defendants

Plaintiff names the County of Kern and the Kern County Sheriff's Department as Defendants.

In order to proceed against municipal defendants, Plaintiff must allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Under this route, the plaintiff must satisfy traditional § 1983 requirements and show that "the municipality acted with 'the state of mind required to prove the underlying violation.'" Gibson v. County of Washoe, 290 F.3d 1175, 1187 (2002) (quoting Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 404 (1994)).

Alternatively, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at

1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Plaintiff has failed to allege any constitutional violation for the reasons stated above. Additionally, he has alleged no facts to suggest that a deliberate policy, practice, or custom was the moving force behind the loss of his property. Nor has he alleged that any municipal omission led to Defendant Schlup's conduct. Accordingly, Plaintiff has failed to state a claim for municipal liability under § 1983.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY
IT IS SO ORDERED.

that:
1. The action is DISMISSED with prejudice for failure to state a claim;
2. Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk of the Court shall terminate all pending motions and close the case.

Dated:   April 13, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

7